# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| SOCIETY INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-CV-212 JVB |
| | ) | |
| | ) | |
| J.C. BUILDERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendants J. C. Builders, Inc, and Salvino and Robin Verta under Federal Rule of Civil Procedure 12(b)(1). (DE 29.)[1] The Court heard oral argument on February 14, 2011, and the matter is now ripe for decision.

**A.    BACKGROUND AND FACTS**

Society Insurance is Defendant J. C. Builders' insurer under Contractors Businessowners Policy Number CBP 364925. J. C. Builders built a house for Defendants Gayle, Jill, and Geri Dybel in Dyer, Indiana. The Dybels were not satisfied with the completed structure, and sued J. C. Builders and Defendants Salvino and Robin Verta in Lake County, Indiana, Superior Court,

---

[1] Defendants' motion is more properly denominated a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Defendant filed an answer in which it asserted the affirmative defense of lack of subject matter jurisdiction. Rule 12(b) motions are to be filed before an answer is filed. A defendant may use a Rule 12(c) motion after the close of the pleadings to raise some Rule 12(b) defenses, in which case the court applies the same standard applicable to the corresponding 12(b) motion. *Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993). Accordingly, the Court's analysis is unaffected by the misnomer. Moreover, the Court does not fault Defendants because the Court granted them leave to file the motion.

alleging negligence, breach of warranty, and willful and wanton misconduct in the construction, management and supervision of the construction of the house. Society is defending J. C. Builders in the state court action under a reservation of rights.

In this action, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Society is seeking a declaratory judgment that no coverage is available under the policy for the Dybels' state court claims and that it has no duty to J. C. Builders under the policy. The Court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, which also requires that the amount in controversy exceed $75,000. Defendants claim that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000 and because the claim is not ripe for adjudication.

In response to Defendants' motion to dismiss, Society filed a copy of the construction contract between J. C. Builders and the Dybels showing that the agreed price for the new home was $435,858.89. Society also submitted estimates for the cost of repairing the alleged construction defects which the Dybels submitted to J. C. Builders, in amounts ranging from $244,438.57 to $275,695.70.

**B.     ANALYSIS**

The proponent of federal jurisdiction has the burden of proof that jurisdiction exists. Jurisdictional facts must be supported by competent proof. However, whether the amount in controversy exceeds $75,000 is not a fact, but a prediction; it must appear to a legal certainty that the claim is for less than the jurisdictional amount to justify dismissal. *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Where an insurer is contesting both its duty

to defend and its duty to indemnify the insured, the amount in controversy is the sum of the expense of providing a legal defense plus the value of the claim in the underlying suit. *Id.*

While J. C. Builders insists that Society is not contesting its duty to defend J. C. Builders in the state action, Society maintains that its complaint covers both its duty to defend and to indemnify. Because the complaint seeks a declaration that Society has no duty to J. C. Builders under the policy, the Court finds that it encompasses the duty to defend as well as the duty to indemnify.

The Court of Appeals for the Seventh Circuit has specifically approved a claimant's informal estimates as a means of establishing what the claimant stands to recover in the underlying action in order to arrive at a figure for the amount in controversy in a case such as this. *Id.* On the basis of the evidence Society has submitted, it cannot be said that there is a legal certainty that the claim in the underlying action does not exceed $75,000. Accordingly, this Court finds that Society's claim satisfies the amount in controversy requirement of 28 U.S.C. § 1332.

Nor does the Court agree with J. C. Builders that Society's claim fails to present a case or controversy so as to deprive this Court of jurisdiction because Society's duty to indemnify it may not be ripe for decision. Ripeness is a question of timing rather than a limit on subject matter jurisdiction. *Id.* at 538. Nonetheless, even when all jurisdictional prerequisites are satisfied, a district court is not compelled to declare the rights of the parties under the Declaratory Judgment Act. The Act grants courts wide discretion in deciding whether or not to exercise this authority. *A.G. Edwards & Sons, Inc. v. Public Bldg Comm'n of St Clair Co.*, 921 F.2d 118, 120 (7th Cir. 1990).

In deciding whether to exercise its discretion, the Court notes that the question of Society's duty to defend J. C. Builders in the state court action is ripe for decision. Furthermore, there is no ironclad rule that deciding an insurer's obligation to indemnify is premature until the insured's liability has been adjudicated in the underlying action. Instead, the Court should consider whether the declaratory judgment action presents questions distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether the declaratory action will clarify the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the declaratory judgment plaintiff in another forum or at another time. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

This action concerns issues which are not part of the state court case; Society is not a party to the state case. Apart from the fact that, if the Dybels lose the state case, there would be no liability which might give rise to the duty to indemnify, the conclusion of the state court case will not resolve any of the issues the Court must decide in this action. The Court sees no efficiency in requiring Society to litigate its duties under its insurance contract with J. C. Builders piecemeal. Moreover, Society and the parties to the state court action have an interest in knowing now, rather than after the conclusion of the state court case, whether insurance coverage exists. Accordingly, this Court will exercise its discretion under 28 U.S.C. § 2201 to entertain Society's declaratory judgment action.

## C. CONCLUSION

For the foregoing reasons Defendants' motion to dismiss this action (DE 29) is DENIED.

SO ORDERED on February 25, 2011.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge